UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
June 07, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| Maria De La Rosa, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-18-2644 |
| | § | |
| Secretary of Health and Human Services, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Facts.*

Maria De La Rosa benefits from Medicare. She had hernia surgery in December 2011, and three additional surgeries to correct the initial surgery in early 2012. De La Rosa sued Doctors Kobza and Buczek, who operated, for medical malpractice. De La Rosa settled for $170,000.00.

Medicare sent her a conditional payment letter saying that it had paid $96,541.89 now having a lien. This lien falls under 1862(b)(2)(B)(ii) of the Social Security Act.[1] Their figure was conditional – not final – because Medicare was still reviewing the medical claims.

De La Rosa challenged the amount and demanded that Medicare prove that all of the payments were made on her behalf. She requested a reduction to $19,384.56. In response, Medicare reduced the amount to a final demand of $74,565.39. De La Rosa requested a waiver and was granted a partial waiver of $30,000.00. This brought the total due down to $44,565.39. She appealed this amount. Her appeal was unsuccessful. She appealed again to the Medicare Appeals Council. The Council again found that De La Rosa had not justified receiving a waiver beyond the $30,000.00.

---

[1] 42 U.S.C. § 1395y(b)(2)(B)(ii).

2. *Issue.*

This court must determine whether substantial evidence from the Administrative Record supports the decision of the Secretary of Health and Human Services and that the Secretary was not arbitrary in its decision.

3. *Analysis.*

A decision unsupported by substantial evidence is arbitrary. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. Waivers are permitted when (a) recovery would impose a financial hardship on the beneficiary or (b) recovery would be against equity and good conscience. No data was advanced showing that this recovery would impose a financial hardship nor that this would be against equity and good conscience. De La Rosa did not meet either of the two criteria.

Medicare paid for De La Rosa's surgeries. De La Rosa recovered $170,000.00. Medicare reduced its requested repayment by $30,000.00. The balance to reimburse the government is $44,565.39 plus interest.

4. *Conclusion.*

Substantial evidence from the Record supports the Secretary's decision. The Secretary was not arbitrary in denying De La Rosa's second waiver request. The government is due its portion of the settlement. Maria De La Rosa is obliged to pay the Secretary of Health and Human Services the balance of the claim plus accrued interest.

Signed on June 7, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge